[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 12, 2006
THOMAS K. KAHN
CLERK

No. 05-13158
Non-Argument Calendar
_____

D. C. Docket No. 03-22252-CV-JEM

OFELIA CANALS,

Plaintiff-Appellant,

versus

CENTRO MATER, INC., et al.,

Defendants,

ARCHDIOCESE OF MIAMI, INC.,
CATHOLIC CHARITIES OF THE
ARCHDIOCESE OF MIAMI, INC.,
MIRIAM ROMAN,
LUCIA VICENCIO,
TERESA REVUELTA,
MAYDELYN RODRIGUEZ.
SYLVIA SANTIAGO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 12, 2006)**

**ON PETITION FOR REHEARING**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Appellant's petition for panel rehearing is GRANTED. We VACATE our prior opinion in this case and substitute the following in its place:

Ofelia Canals appeals the order granting judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, in favor of Catholic Charities of the Archdiocese of Miami, Inc. ("Catholic Charities") on Canals's claim alleging Catholic Charities violated the Florida Whistle Blower Protection Act ("FWBPA"), Fla. Stat. §§ 448.101 et seq.[1] We affirm.

We review the district court's entry of judgment as a matter of law de novo. See Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999). This court

---

[1] We discern no error in the entry of judgment as a matter of law on Canals's other claims under Florida law, or the entry of final judgment, consistent with the jury's verdict, on Canals's claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 21 U.S.C. §§ 621 et seq. On appeal, Canals also challenges the district court's evidentiary decision to exclude certain what-she-terms "defamatory memoranda" that would support her ADEA claim and the court's denial of her mid-trial motion to amend her witness list to call a witness not listed on any of her Canals's witness lists. The district court did not abuse its discretion by disallowing the memoranda, which the court found, in essence, were irrelevant. Cf, Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1554 (11th Cir. 1995) (reviewing district court exclusionary ruling for clear abuse of discretion). We likewise discern no abuse of discretion in the district court's denial of the motion to amend, which Canals filed on the second day of a trial that followed many months of discovery, during which the district court gave Canals numerous extensions of time to comply with the court's pre-trial schedule. Cf. Rogers v. Muscogee County Sch. Dist., 165 F.3d 812, 818 (11th Cir. 1999) ("A district court's decision to exclude a witness not listed on the pretrial order is reviewable only for abuse of discretion.").

reviews the district court's grant of relief under Fed. R. Civ. P. 50(b) by considering the evidence in the light most favorable to the nonmoving party. See Pulte Home Corp., v. Osmose Wood Preserving, Inc., 60 F.3d 734, 739 (11th Cir. 1995). Judgment as a matter of law for the defendant is proper when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim. See Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005) (citations omitted).

Canals alleged Catholic Charities violated the FWBPA, which provides the following: "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102. Canals asserted that she was terminated after she refused to commit perjury, in violation of Fla. Stat. §§ 837.012, 837.02. In its order, the district court outlined the elements of a perjury claim under Florida law and concluded that Canals's FWBPA claim failed because she presented no evidence on the "under oath in an official proceeding" element of a perjury claim. Accordingly, the district court set aside the jury's verdict and entered judgment in favor of Catholic Charities.

From our own review of the record, we too can find no evidence that Canals made a false statement "under oath in an official proceeding," an element of a perjury claim under Florida law. Therefore, the district court properly entered judgment as a matter of law, based on Canals's failure to present any evidence on one of the elements of her FWBPA claim. <u>Collado</u>, 419 F.3d at 1149. In short, the district court carefully considered all of the arguments Canals raises in this appeal, including her untimely assertion that the underlying violation of law that supported her FWBPA was <u>conspiracy</u> to commit perjury. Based upon the district court's well-reasoned analysis, we affirm, after a <u>de novo</u> review of the record.

**AFFIRMED.**